UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JESSICA D. ADAMS
123 Meadow Lakes Drive
Random Lake, WI 53075

      Plaintiff,

    v.                               Case No: 16-CV-0121

ALLEN EDMONDS CORPORATION
201 East Seven Hills Road
Port Washington, WI 53074

      Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Jessica D. Adams, by her counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorney Janet L. Heins, as and for a claim against the Defendant, alleges and shows to the court as follows:

    1.    This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.,* as amended, and the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.,* as amended.

    2.    The unlawful employment practices giving rise to Plaintiff's claims occurred within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b).

    3.    The Plaintiff, Jessica D. Adams, is a Caucasian adult resident of the State of

Wisconsin, residing at 123 Meadow Lakes Drive, Random Lake, Wisconsin 53075.

4. The Defendant, Allen Edmonds Corporation, is a Wisconsin corporation with corporate headquarters located at 201 East Seven Hills Road, Port Washington, Wisconsin 53074, which is where Complainant was employed at all times material herein.

5. Plaintiff was employed by Defendant as a "Shipping Clerk" from August 5, 1991 through July 10, 2014.

6. Plaintiff's job duties included, but were not limited to, packing and shipping customer orders in Respondent's warehouse.

7. Plaintiff's standard work week was 40 hours, but Defendant often expected her to be in the warehouse for 45 to 50+ hours per week, particularly during busy seasons and sales.

8. This schedule, however, began to take a physical toll on Plaintiff, who has suffered from long-term back problems for much of her life.

9. On or around June 23, 2014, Plaintiff visited her doctor for her increasing back pain, who in turn provided her with a work restriction of 40 hours per week (maximum).

10. On or around June 24, 2014, Plaintiff presented her work restriction to her supervisor and Defendant's Human Resources Department.

11. During her tenure of employment with Defendant and prior to July 1, 2014, Plaintiff had no disciplinary actions, either written or verbal, taken against her and no performance issues were otherwise noted or verbalized by Defendant with respect to Plaintiff.

12. Plaintiff consistently received annual performance ratings of "Meets Expectations" or "Exceeds Expectations" from Defendant.

13. On July 1, 2014, a week after submitting her work restriction, Plaintiff was summoned to a meeting with Human Resources, during which Plaintiff was accused of making

2

racially insensitive comments, made in May 2014 during a private conversation between Plaintiff and a friend at work.

14. Even though Defendant knew of the alleged comments back in May, these allegations were only first discussed directly with Plaintiff two months later immediately after she submitted her work restrictions.

15. Plaintiff did not deny making comments about a couple of specific individuals in a private conversation with a friend at work, and she admitted this during her discussion with Human Resources on July 1, 2014; but she did and does deny that any malicious, offensive, and/or racist suggestions were intended.

16. During a meeting with Defendant's Human Resources Department on July 10, 2014, Plaintiff again denied that any comments she made were intended to be racist.

17. Notwithstanding this denial and the fact that Ms. Adams was not provided with a warning or a corrective action plan on that day or in the past, Defendant terminated her.

18. Plaintiff's severe punishment directly conflicted with the way similarly situated African-American workers were treated by Defendant.

19. Specifically, an African-American male co-worker of Plaintiff harassed a female employee and later called his supervisor an expletive in front of several other workers. However, this employee was not fired for two incidents involving actions and comments that were individually far worse than what Plaintiff was allegedly fired for.

20. Following the above employee's harassment of a female employee, with whom Plaintiff was friends, he was in fact indirectly rewarded by having his daughter and her best friend hired by Defendant.

21. Incidentally, it was that man's daughter and her best friend that Plaintiff referred to

3

in the alleged comments that ostensibly led to her termination.

22.     Plaintiff's alleged comments expressed concern that two individuals were being hired based on the recommendation of a known harasser.

23.     On or about October 2, 2014, Plaintiff filed a charge of race discrimination (Caucasian) and disability discrimination (chronic back pain) with the Wisconsin Equal Rights Division, Charge No. CR201403067, cross-filed with the Equal Employment Opportunity Commission as EEOC Charge No. 26G201500043C.

24.     The EEOC issued a Notice of Right to Sue on this charge on November 3, 2015.

25.     Plaintiff has exhausted her administrative remedies and satisfied all conditions precedent to bringing this action.

## FIRST CLAIM FOR RELIEF — ADAAA

26.     Plaintiff realleges and incorporates paragraphs 1- 25 of this complaint by reference.

27.     Defendant intentionally terminated Plaintiff because of her disability, chronic back pain, in violation of the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.,* as amended.

28.     As a result of Defendant's intentional violation of the ADAAA, Plaintiff has suffered damages in the form of loss of wages and other employment benefits and insurance, emotional distress, pain and suffering, loss of reputation, and other damages to be shown at trial.

## SECOND CLAIM FOR RELIEF – TITLE VII RACE DISCRIMINATION

29.     Plaintiff realleges and incorporates paragraphs 1- 28 of this complaint by reference.

30.     Defendant terminated Plaintiff's employment because of her race, Caucasian, in reckless disregard of her federally protected rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

4

31. As a result of Defendant's intentional race discrimination against her, Plaintiff has suffered damages in the form of loss of wages and other employment benefits and insurance, emotional distress, pain and suffering, loss of reputation, and other damages to be shown at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 42 U.S.C. §2000e-5, 42 U.S.C. § 12205, and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY OF TWELVE AS TO ALL TRIABLE ISSUES.**

Dated this 1st day of February, 2016.

HEINS EMPLOYMENT LAW PRACTICE LLC
Counsel for the Plaintiff


_____s/ Janet L. Heins_____.
Janet L. Heins, State Bar No. 1000677


HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com